**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**NORTHERN DIVISION**
**ASHLAND**

**Civil Action 07-37-HRW**

**STANLEY MESSER,**

**PLAINTIFF,**

**v.** **ORDER**

**LIBERTY LIFE INSURANCE COMPANY,** **DEFENDANT.**

This matter is before the Court upon Plaintiff's Motion to Strike the Notices of Deposition of Dr. Edward Barbieri and Diane Nielsen [Docket No. 31].

This case arises from an automobile accident in which Plaintiff's wife Mary Messer was killed. Mrs. Messer was driving one of the vehicles involved in the accident. Testing done by the Ohio State Highway Patrol Lab shortly after her death showed Mrs. Messer to have a blood alcohol content of 0.137%, well above the legal limit. At the time of the accident, Plaintiff was the sole beneficiary of a life insurance policy covering his wife issued by the Defendant. Plaintiff notified Defendant of Mrs. Messer's death and demanded the policy proceeds of $100,000. Defendant denied payment, citing the policy's alcohol exclusion.

Plaintiff filed this civil action, seeking payment of the policy proceeds as

well as damages for Defendant's alleged violation of Kentucy's Unfair Claims Settlement Practices Act. Specifically, Plaintiff claims that his wife did not drink alcohol; thus, Defendant wrongfully denied payment of insurance benefits.

Plaintiff seeks to strike the notices of the depositions of Dr. Edward Barbieri and Diane Nielsen. In support of his motion, Plaintiff first argues that the aforementioned witnesses were not disclosed in accordance with this Court's Scheduling Order. Indeed, Plaintiff maintains the Notices of Deposition, filed on May 6, 2008, were the "first mention" of these individuals.

However, the record does not support Plaintiff's argument. Diana Nielsen, a lab technician and criminologist, was disclosed as a witness in Defendant's initial disclosures filed pursuant to Fed.R.Civ.P. 26(a)(1) on May 18, 2007 [Docket No. 8]. As such, the Court is perplexed by Plaintiff's claim that the May 6, 2008 Notice of her Deposition [Docket No. 30] was the "first mention" of Ms. Nielsen in this matter.

As for Dr. Barbieri, his involvement in ths action began after January 2008, when this Court sustained Defendant's motion to obtain the subject blood sample and submit it for re-testing. According to Defendant, Dr. Barbieri did not render his report with regard to the re-testing of the sample until April 15, 2008. He was then duly disclosed in Defendant's supplemental 26(a) disclosure, filed on May 5,

2008 [Docket No. 26]. It is disingenuous, at best, for Plaintiff to cry foul in this regard. It was the actions of Plaintiff, to-wit, failing to respond to Defendant's repeated requests to re-test the blood sample at issue, which prompted Defendant's Motion to obtain the sample. Moreover, Defendant disclosed Dr. Barbieri within a reasonable time following receipt of his report. The Court is not persuaded by Plaintiff's suggestion of prejudice and unfair surprise.

Finally, given that Plaintiff continues to contest the issue of intoxication, the testimony of Diana Nielsen and Dr. Edward Barbieri is relevant to this civil action.

Accordingly, **IT IS HEREBY ORDERED** that Plaintiff's Motion to Strike the Notices of Deposition of Dr. Edward Barbieri and Diane Nielsen [Docket No. 31] be **OVERRULED**.

This June 10, 2008.

**Signed By:**
***Henry R Wilhoit Jr.***
**United States District Judge**